IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ : CASE NO. 1:05 Cv 1519
AUTOMATED SOLUTIONS :
CORPORATION, : MEMORANDUM AND ORDER
 : DENYING DEFENDANT'S MOTIONS
 : FOR PRELIMINARY INJUNCTION,
 : FOR A PROTECTIVE ORDER, TO
 Plaintiff : STAY DISCOVERY, TO QUASH
 : SUBPOENA, AND FOR SANCTIONS;
 -vs- : DENYING PLAINTIFF'S MOTIONS TO
 : STRIKE AND TO DISMISS;
 : GRANTING DEFENDANT'S MOTION
 : TO SUPPLEMENT AND PLAINTIFF'S
PARAGON DATA SYSTEMS, INC. : MOTIONS FOR LEAVE TO PLEAD,
 : FOR EXTENSIONS OF TIME AND FOR
 : AN ORDER REQUIRING COMPLIANCE
 : WITH REMOVAL PROCEDURES; AND
 Defendant : REFERRING MATTER TO
 : MAGISTRATE JUDGE FOR
 : RESOLUTION OF DISCOVERY
------------------------------------------------------ : DISPUTES

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This action is before the Court on nineteen pending motions. As explained

below, some of the motions are denied as moot, others are resolved on the merits.

Those motions not resolved by this Memorandum and Order are referred to Magistrate

Judge Patricia A. Hemann for resolution. Magistrate Judge Hemann also shall

supervise discovery in this case and shall hear and determine all pretrial motions

1

concerning discovery matters and all non-dispositive motions, except those specifically exempted by 28 U.S.C. § 636(b)(1)(A).

## **PROCEDURAL HISTORY**

This action was filed by the plaintiff, Automated Solutions Corporation ("Automated"), in state court on 26 April 2005.  Automated's initial complaint sought injunctive relief, money damages, and an accounting based upon Paragon's alleged breaches of contract, conversion, tortious interference with business relations, and on a claim of unjust enrichment.  (ECF No. 1, Exhibit 1).  On the face of the complaint, no federal claims were apparent;  nonetheless, defendant Paragon Data Systems, Inc. ("Paragon") removed the action based upon federal subject matter jurisdiction (copyright) on 31 May 2005.  (ECF No. 1).

Automated filed an amended complaint on 17 June 2005, adding a claim for copyright infringement to its state law claims.  (ECF No. 5).  On 14 July 2005, Paragon filed its answer to the amended complaint and a nine count counterclaim alleging: tortious interference with business relationship; unfair competition under the Ohio Deceptive Trade Practices Act; common law unfair competition (trade libel); defamation; deceptive trade practices under the Lanham Act, 15 U.S.C. §1125; business disparagement; unjust enrichment; conversion of copyright and trade secrets;  and abuse of process.  (ECF No. 12).  Paragon filed an amended counterclaim on 6 October 2005 which added claims of copyright infringement and deleted various state law claims.  (ECF No. 56).

2

After removal, this action was assigned to the Honorable Judge Solomon Oliver, Jr.  While this action was pending before Judge Oliver, the parties filed the following thirteen motions which have not yet been resolved:[1]

(1) Paragon's motion for stay of formal discovery pursuant to Rule 26(d) of the Federal Rules of Civil Procedure and to quash a subpoena served on the non-party, the Plain Dealer Publishing Company ("Plain Dealer") (ECF No. 7);

(2) Paragon's motion for stay of discovery, for emergency protective order, and to quash a subpoena duces tecum served on the non-party, the Plain Dealer, and request for an expedited hearing (ECF No. 13);

(3) Automated's motion for an order requiring Paragon to comply with procedures for removal (ECF No. 14);

(4) Paragon's motion for preliminary injunction (ECF No. 15);

(5) Paragon's motion for sanctions (ECF No. 16);

(6) Paragon's motion to supplement its notice of removal (ECF No. 23);

(7) Automated's motion for protective order governing disclosure of confidential information (ECF No. 27);

(8) Paragon's cross motion for protective order governing disclosure of confidential information (ECF No. 36);

(9) Automated's motion for protective order and to quash subpoena served on non-party John Juszkiewicz in his capacity as Director of Protective Services of the Erieview Building (ECF No. 28);

(10) Automated's motion to strike Paragon's motion for sanctions (ECF No. 32);

(11) Automated's motion for extension of time to respond to Paragon's first set of discovery requests (ECF No. 39);

---

[1] Four additional motions were filed by the parties and resolved by Judge Oliver prior to reassignment of this case.  (ECF Nos. 4, 6, 26 and 42).

> (12) Automated's motion to dismiss Paragon's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 44); and
>
> (13) Automated's motion for sanctions (ECF No. 47).

On 26 September 2005, this case was reassigned (ECF No. 53), and the parties' vigorous motion practice continued. Since 26 September 2005, the parties have filed the following six motions:

> (1) Automated's motion for extension of time until October 24, 2005 to file a reply memorandum in support of its motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 57);
>
> (2) Automated's motion for leave to move, plead or otherwise respond to Paragon's amended counterclaim (ECF No. 59);
>
> (3) Automated's motion for extension of time until 19 December 2005 to file its reply memorandum in support of its motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 60);
>
> (4) Paragon's motion for ruling on competing motions for protective order governing disclosure of confidential information (ECF No. 61);
>
> (5) Automated's motion for an expedited hearing on the parties' competing motions for protective order governing disclosure of confidential information (ECF No. 62); and
>
> (6) Automated's motion for order to file declaration under seal (ECF No. 63).

## **ANALYSIS**

**1.  The Plain Dealer Discovery and Sanctions Disputes.**

Paragon's motions to stay discovery and to quash subpoena, which were filed on 12 July 2005 (ECF No. 7) and 15 July 2005 (ECF No. 13), cover identical subject matter and request similar relief. Both set forth Paragon's complaint that Automated wrongfully reissued a subpoena duces tecum to Paragon's customer the Plain Dealer after this

case was removed from state court but before the parties conferred as required under Rule 26 of the Federal Rules of Civil Procedure. (ECF Nos. 7 & 13). Both motions are moot. On 22 July 2005, the parties filed a report of their planning meeting. (ECF No. 19). Because the requirements of Rules 26(d) and 26(f) have been satisfied, there is no basis to stay discovery or quash the subpoena served on the Plain Dealer. Thus, Paragon's motions (ECF Nos. 7 & 13) are denied.

Based upon the same subpoena and discovery requests Paragon objected to in its motions to stay and to quash, Paragon filed a motion "for an award of sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, and this Court's inherent judicial powers." (ECF No. 16). Automated opposed Paragon's motion for sanctions and moved to strike the same based upon Paragon's failure to comply with Local Rule 37.1. (ECF No. 32). Paragon filed a brief in opposition to Automated's motion to strike and in support of its own motion for sanctions. (ECF No. 35). Automated replied. (ECF No. 38).

Automated argues that it had a good faith basis for reissuing a subpoena to the Plain Dealer and for seeking discovery in this matter after the case was removed from state court. (See ECF No. 14; ECF No. 32 at 1-3). Further, Automated made immediate efforts to resolve Paragon's objections by conferring with Paragon and stipulating to this Court's possession of the Plain Dealer documents pending resolution of the parties' dispute.[2] (ECF No. 9). Upon review of the correspondence and affidavits submitted to this Court in support of and in opposition to Paragon's motion for

---

[2] This Court will continue to maintain possession of the Plain Dealer documents until the parties' dispute regarding an appropriate protective order is resolved.

5

sanctions, it is clear that Automated engaged in no conduct that would justify an award of sanctions in favor of Paragon. Thus, Paragon's motion for sanctions (ECF No. 16) is denied, and Automated's motion to strike Paragon's motion for sanctions (ECF No. 32) is denied as moot.

**2.      The Removal Issue**

On 15 July 2005, Automated filed a motion requesting that Paragon be ordered to comply with procedures for removal. (ECF No. 14). Specifically, Automated notes that in removing this action from state court, Paragon failed to file all documents required under 28 U.S.C. §§ 1446(a) and 1450. (Id. at 5). Those documents not filed by Paragon included discovery requests and orders related to Automated's efforts to obtain discovery from Paragon's customer, the Plain Dealer. (Id.) The omitted documents relate directly to the motions to quash and for protective order Paragon filed on 12 July and 15 July 2005. (See ECF Nos. 7 &13). Paragon did not oppose Automated's motion regarding Paragon's non-compliance with removal procedures. Instead, Paragon moved for leave to supplement its notice of removal. (ECF No. 23). As the parties appear to now be in agreement regarding the need to supplement Paragon's notice of removal, both parties' motions on this issue (ECF Nos. 14 & 23) are granted.

**3.      Paragon's Counterclaim**

On 6 September 2005, Automated filed a motion to dismiss Paragon's counterclaim. (ECF No. 44). Paragon did not respond to Automated's motion to dismiss. Instead, on 6 October 2005, Paragon filed an amended counterclaim. (ECF

6

No. 56). Given Paragon's filing of its amended counterclaim, Automated's motion to dismiss Paragon's initial counterclaim is denied as moot.[3]

### 4. Paragon's Motion for Preliminary Injunction

On 18 July 2005, Paragon moved for entry of a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. (ECF No. 15). Automated opposed the motion (ECF No. 29), and Paragon replied. (ECF No. 34). Paragon's motion for preliminary injunction is based upon the proposition that Paragon is "quite likely to succeed on the merits of its claims for defamation and tortious interference with business relations." (ECF No. 15, at 3). Because Paragon deleted its defamation and tortious interference claims when it filed its amended counterclaim, Paragon's motion for preliminary injunction must be denied.[4]

### 5. Requests for Extensions of Time

Automated filed several motions to extend briefing deadlines as well as the time which it has to respond to Paragon's amended counterclaim and discovery requests.[5] (ECF Nos. 39, 57, 59 & 60). Because these motions are unopposed and a case

---

[3] In its amended counterclaim, Paragon omitted several of the counts objected to by Automated in its motion to dismiss, including: conversion, tortious interference with business relations, defamation, and business disparagement. (Compare ECF No. 44, at 8-10 & 12-13, with ECF No. 56).

[4] Even if the predicate defamation and tortious interference claims were still pending, Paragon's motion still would be denied based upon Paragon's failure to submit sufficient evidentiary material in support of its motion for preliminary injunction.

[5] Automated's motion for extension of time to respond to discovery actually requests that production of certain documents be tied to this Court's resolution of the parties' pending motions regarding disclosure of confidential information. (ECF No. 39).

management order has not yet been entered in this case, such motions for extension of time are granted.  Additional motions for extension of time will not regularly be granted.  Once a case management order is entered in this case, the parties shall strictly adhere to the deadlines established therein.  Further, the parties will be required to submit written authorization of their clients with any stipulated requests for extension of any deadlines.

## **CONCLUSION**

Based upon the foregoing, it is ordered that:

(1)  Paragon's motion to stay formal discovery pursuant to Rule 26(d) of the Federal Rules of Civil Procedure and to quash a subpoena served on non-party, the Plain Dealer, (ECF No. 7) is **denied as moot**;

(2)  Paragon's motion for stay of discovery, for emergency protective order, and to quash a subpoena duces tecum served on non-party, the Plain Dealer, and request for an expedited hearing (ECF No. 13) is **denied as moot**;

(3)  Paragon's motion for sanctions (ECF No. 16) is **denied**;

(4)  Automated's motion to strike Paragon's motion for sanctions (ECF No. 32) is **denied as moot**;

(5)  Automated's motion for an order requiring defendant to comply with procedures for removal (ECF No. 14) is **granted**;

(6)  Paragon's motion to supplement its notice of removal (ECF No. 23) is **granted**;

(7)  Paragon's motion for preliminary injunction (ECF No. 15) is **denied**;

(8)  Automated's motion to dismiss Paragon's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 44) is **denied as moot**;

(9)  Automated's motion for extension of time (ECF No. 39) is **granted**;

(10) Automated's motion for leave to move, plead or otherwise respond to Paragon's amended counterclaim (ECF No. 59) is **granted**;

(11) Automated's motion for extension of time until 24 October 2005 to file a reply memorandum in support of its motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 57) is **denied as moot**;  and

(12) Automated's motion for extension of time until 19 December 2005 to file its reply memorandum in support of its motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 60) is **granted**.

On or before 5:00 p.m. on Monday, 28 November 2005, Paragon shall supplement its notice of removal to comply with the requirements of 28 U.S.C. §§ 1446(a) and 1450.

It is further ordered that this case is referred to United States Magistrate Judge Patricia A. Hemann for the purpose of resolving the following motions:

(1) Automated's motion for protective order governing disclosure of confidential information (ECF No. 27);

(2) Paragon's cross motion for protective order governing disclosure of confidential information (ECF No. 36);

(3) Paragon's motion for ruling on competing motions for protective order governing disclosure of confidential information (ECF No. 61);

(4) Automated's motion for an expedited hearing on the parties' competing motions for protective order governing disclosure of confidential information (ECF No. 62);

(5) Automated's motion for protective order and to quash subpoena served on non-party John Juszkiewicz in his capacity as Director of Protective Services of the Erieview Building (ECF No. 28);

(6) Automated's motion for order to file declaration under seal (ECF No. 63); and

(7) Automated's motion for sanctions (ECF No. 47).

Moreover, Magistrate Judge Hemann shall supervise discovery in this case and shall hear and determine all pretrial motions concerning discovery matters and all non-dispositive motions, except those specifically exempted by 28 U.S.C. § 636(b)(1)(A).

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 9 November 2005