UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AUTOMATED SOLUTIONS CORPORATION, | ) CASE NO. 1:05 CV 01519 ) ) |
| Plaintiff, | ) MEMORANDUM OF OPINION AND ) ORDER ADOPTING AND MODIFYING |
| -vs- | ) THE MAGISTRATE JUDGE'S REPORT ) AND RECOMMENDATION (DOCS. 320, |
| PARAGON DATA SYSTEMS, INC.,, | ) 321) AND GRANTING SUMMARY ) JUDGMENT TO PARAGON DATA |
| Defendant. | SYSTEMS, INC. ON ALL CLAIMS |

UNITED STATES DISTRICT COURT JUDGE LESLEY WELLS

In this long-standing dispute, Paragon Data Systems, Inc.'s ("Paragon") motion for Summary Judgment of all claims brought by Automated Solutions Corporation ("ASC") was referred to Magistrate Judge William H. Baughman, Jr. Magistrate Judge Baughman submitted a Report and Recommendation (Doc. 321) to which both parties provided responses, challenging the recommendation to grant in part, and deny in part, the Defendant's motion for summary judgment. (Docs. 324, 327, 329, 331). The Court has reviewed the record and the briefs. The Court finds no part of ASC's claims that are not subject to dismissal and, as such, the Court will adopt only that portion of the R&R that recommends dismissing ASC's copyright infringement claims.

ASC's First Amended Complaint avers the following claims against Paragon: Copyright infringement for copying, selling or licensing software derived from SCDS software (Count One)[1]; violations of the Lanham Act for sales and marketing of the software with false and misleading representations as to the creation of the SCDS software (Count Two); breach of the parties' Software Development Agreement involving SCDS (Count Three); conversion for the failure to return copies of SCDS software and the failure to provide payments to ASC for amounts received from third parties (Count Four); tortious interference with ASC's existing and prospective business relationships by marketing, selling, licensing and monetizing of SCDS software and any unauthorized derivatives (Count Five); unjust enrichment based upon Paragon's unauthorized sale of software derived from SCDS software (Count Six); and, unfair competition by marketing, licensing and monetizing of the SCDS software, or any unauthorized derivative, while the Software Development Agreement was still in effect (Count Seven). (Doc. 5).

Magistrate Judge Baughman's Report and Recommendation ("R&R") suggests granting summary judgment on ASC's copyright infringement claim upon the basis of the decision in R.C. Olmstead, Inc. v. CU Interface, LLC, 606 F.3d 262 (6th Cir. 2010), finding that ASC failed to muster a sufficient showing of the essential elements of its copyright infringement case that Paragon's DRACI software was derived from SCDS.

---

[1] The history of this lumbering matter has been well-told by this Court in its Memorandum of Opinion and Order of 27 June 2008, and will not be re-told here except to provide clarification for the judicial determinations imposed. (Doc. 214). SCDS stands for Single Copy Distribution System software and was, at one time, a joint venture between the two now opposing parties.

2

(Doc. 321). With this much the Court is in agreement. ASC's argument, in response, that it was not put on notice as to its burden of proof regarding its infringement claims is utterly confounding and specious. (Doc. 324).

After reviewing the arguments regarding Count One of ASC's First Amended Complaint, and considering them in the light most favorable to non-movant ASC, the Court does not find the Plaintiff's created a "barely sufficient" genuine issue of material fact as to whether Paragon's DRACI software was substantially similar to the original parts of ASC's SCDS software. (R&R Doc. 321, p. 23). The Declaration of Dr. Wolfgang Pelz (Doc. 316-1), ASC's expert, does nothing to support ASC's infringement claim. The Declaration is replete with insufficient conclusory statements and fails to identify those elements comprising the "unique protectable expression" of SCDS. See Penny v. United Parcel Serv., 128 F.3d 408, 415 (6th Cir. 1997). Further, Dr. Pelz's discussion of the file "Form 1.vb" found on a computer disk produced by Paragon fails to substantiate any evidence that DRACI was copied, derived, or ported from SCDS. (Doc. 318, Exh. 1, Supplemental Aff'd. D. Brumbaugh; Exh. 2, Aff'd Giles Manias; Exh. 4, Supplemental Aff'd Giles Manias). Finally, the Court finds the Declaration of Richard Petcher, of ASC, insufficient evidence to generate even an implication that DRACI was substantially similar to SCDS. Accordingly, the Court finds no evidence of infringement, and concludes that the factual basis for Count One is insufficient to submit to a jury and will be dismissed through summary judgment.

The gravamen of this case is the allegation that Paragon's DRACI software infringes upon ACS's SCDS software. (Docs. 141, 207, 214, 274). Accordingly, the dismissal of ASC's infringement claim has fatal implications for its remaining Lanham

3

Act and state law claims. To the extent that ASC's remaining claims are contingent upon its infringement claim those latter claims (Count One through Seven of the First Amended Complaint) will be dismissed.

If, on the other hand, ASC is attempting to argue that its claims are also predicated on Paragon's use and marketing of SCDS prior to the state court action, <u>Automated Solutions Corporation v. Paragon Data Systems, Inc.</u>, Case No. CV-03-511012 (Cuyahoga County Court of Common Pleas 2004) (Doc. 318, Exh. 6; Exh. 7, State Court Action, Transcript of Proceedings), then the Plaintiff's position is fatally undermined by the application of <u>res judicata</u>, barring relitigation in a subsequent action of any claims that were or could have been raised in an earlier action. It does not offend principles of fairness to apply <u>res judicata</u> in an instance, such as this, where the Plaintiff has, or should have, fully litigated in the State Court Action the Lanham Act and state law claims now asserted. Nor does it offend principles of fairness to apply <u>res judicata</u> in an instance, such as this, where the Plaintiff has been provided the opportunity to respond to the <u>res judicata</u> argument. Finally, it does not offend principles of fairness for this Court to invoke <u>sua sponte</u>, as it may, the doctrine of <u>res judicata</u> in an instance, such as this, to avoid "unnecessary judicial waste." <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000).

The Court's review of ACS's argument in opposition to summary judgment – that its non-infringement claims are predicated not on its assertion that DRACI is an infringement of SCDS, but upon assertions that Paragon was marketing, selling or licensing the SCDS software prior to the judgment in the state court action – compels it to find the Plaintiff's position precluded by <u>res judicata</u>. ACS's arguments here are

4

predicated upon the same facts underlying the Plaintiff's claims against Paragon that were resolved in the state court action. (Doc. 318, Exhs. 6, 7, Transcripts of the state court action).

Accordingly, the Court adopts the R&R to the extent that it recommends dismissal of ASC's infringement claim (Count One) through summary judgment and modifies the remainder of the R&R to dismiss the Lanham Act and state law claims (Counts Two through Seven) upon the basis of <u>res judicata</u>.  This matter is dismissed in its entirety.[2]

IT IS SO ORDERED.

/s/ Kevin Wells
UNITED STATES DISTRICT JUDGE

Date: 4 December 2012

---

[2]This leaves the question of sanctions, prompted by a motion from ASC against Paragon. (Doc. 309). Magistrate Judge Baughman penned an imminently reasonable and comprehensive assessment of the question, recommending that any possible attorney sanctions or sanctions for spoliation "be in the form of an adverse inference instruction to the jury that would permit, but not compel them, to infer, after considering all the evidence, that the Atkin hard drive contained evidence showing that Paragon's DRACI code was derived from ASC's SCDS code." (Doc. 320, p. 27, Report and Recommendation). See ActionLink LLC v. Sorgenfrei, 2010 WL 395243 (N.D. Ohio 27 January 2010). This Court's review of the R&R, the record evidence and the responsive briefings (Docs. 325, 326, 328, 332) leads it to adopt the sanctions method enunciated by Magistrate Judge Baughman. Having contemporaneously dismissed all of ASC's claims against Paragon, however, the imposition of an inference instruction is rendered moot, as is the entire question of sanctions.